P. Kristofer Strojnik, SBN 242728
Law Offices of Peter Strojnik
pstrojnik@strojniklaw.com
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
602.510.9409 (tel.)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>COOPER HOUSE LLC, a California limited liability company,<br><br>Defendant. | Case No:<br><br>**VERIFIED COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Theresa Marie Brooke alleges:

**PARTIES**

1. Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

2. Defendant, Cooper House LLC, owns the property located at 110 Cooper Street, Suite 100d in Santa Cruz, California (the "Property"). The place of public accommodation that does business at the Property is O'Neill Surf Shop (the "Store"), which is a place of public accommodation that sells retail clothing and is open to the

1  public. On information and belief, the Property was constructed and/or renovated after
2  March 15, 2012.

### SUMMARY OF ALLEGATIONS

3.  Plaintiff Theresa Brooke brings this action against Defendant, alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., (the "ADA") and its implementing regulations and the California Unruh Civil Rights Act ("Unruh"), California Civil Code §§51, 52. Specifically, Plaintiff brings this action because Defendant's place of business does not have a check-out counter that complies with Section 904.3.2 of the Standards.

### JURISDICTION

4.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188.

5.  Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

6.  Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### ALLEGATIONS

7.  With the Ninth Circuit's approval and encouragement, Plaintiff is a serial ADA litigant. She travels to California often for purposes of leisure travel, court-related conferences and requirements, and testing wheelchair accessibility of places of public accommodations.

8.  Plaintiff and her husband traveled to the South Bay and Santa Cruz in late November 2020 for purposes of leisure and to test accessibility. During her trip, Plaintiff went to downtown Santa Cruz to shop at the various shops there. She went inside the Store.

1      9. When she entered the Store, she noticed that the checkout counter was
2 much too high for her in a wheelchair. The counter was well greater than 38 inches in
3 height, which violates Section 904.3.2 of the Standards.

4      10. She encountered other barriers too. For example, the aisles between the
5 circular clothing racks were so close together that she could not maneuver between the
6 racks to look at the various clothing options.

7      11. Pursuant to 42 U.S.C. §12182(a), Defendant is liable for the barriers
8 existing at the Store.

9      12. The barriers identified herein relate to Plaintiff's specific disability of
10 being in a wheelchair, i.e., the counter-height requirement relates directly to a person in
11 a wheelchair.

12      13. Removing the barriers is readily achievable and is a simple fix.

13      14. As a result of gaining the knowledge of the barriers, Plaintiff was deterred
14 and left the Store. She will not return until notice of remediation of the barriers herein is
15 provided.

16      15. Plaintiff travels often to the Bay Area and, like many others, enjoys
17 visiting Santa Cruz, and she plans on re-visiting the area in February of this year. She
18 will also visit the area a few more times throughout the year. Plaintiff will return to the
19 Store when Defendant provides notice of removal of the barriers, as the Store has
20 unique clothing options unique to a surf town such as Santa Cruz.

21      16. Without injunctive relief, Plaintiff and other disabled persons in a
22 wheelchair will not be able to fully, equally and independently shop at the Store.

23      17. Other potential violations and barriers to entry at Defendant's hotel may
24 be discovered during this litigation. It is Plaintiff's intention to cure all ADA violations
25 at this store in one lawsuit as opposed to doing so in piecemeal litigation, and so she
26 will amend this Complaint pursuant to *Doran* if additional ADA violations are
27 discovered during the case.

28

## FIRST CAUSE OF ACTION

18. Plaintiff incorporates all allegations heretofore set forth.

19. Defendant has discriminated against Plaintiff and others in that it has failed to make its public accommodation fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

20. Defendant has discriminated against Plaintiff in that it has failed to remove barriers to make its place of public accommodation fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's store nor result in an undue burden to Defendant.

21. In violation of the 2010 Standards, Defendant's store does not have a checkout counter height that complies with Section 904.3.2.

22. In violation of the ADA, Defendant's store has barriers to maneuver throughout the store, as described above.

23. Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

24. Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its store be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;

b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its store into full compliance with the requirements set forth in the ADA;

c. Payment of costs and attorney's fees;

d. The provision of whatever other relief the Court deems just, equitable and appropriate.

### SECOND CAUSE OF ACTION

25. Plaintiff realleges all allegations heretofore set forth.

26. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

27. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

28. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

29. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

30. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

    b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its store into full compliance with the requirements set forth in the ADA;

    c. Payment of costs and attorney's fees;

    d. Damages in the amount of $4,000.00, the statutory minimum, and not more; and

    e. Provision of whatever other relief the Court deems just, equitable and appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 6th day of January, 2021.

    /s/ P. Kristofer Strojnik
    P. Kristofer Strojnik (242728)
    Attorneys for Plaintiff

### VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 6th day of January, 2021.

_____
Theresa Marie Brooke