UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THERESA BROOKE,<br><br>    Plaintiff,<br><br>v.<br><br>COOPER HOUSE LLC,<br><br>    Defendant. | Case No.  5:21-cv-00507-EJD<br><br>**ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT**<br><br>Re: Dkt. No. 6 |

In this disability-rights action, Plaintiff Theresa Brooke filed a complaint against Defendant Cooper House LLC. Plaintiff alleges that Defendant violated the Americans with Disabilities Act ("ADA") and related California state statutes. Defendant has now filed a motion for a more definite statement under Federal Rule of Civil Procedure 12(e). For the reasons stated below, Defendant's motion is **DENIED**.[1]

## I. BACKGROUND

According to the complaint, Plaintiff is legally disabled who utilizes a wheelchair for mobility. Complaint ("Compl."), Dkt. No. 1 ¶ 1. Plaintiff alleges she is a serial ADA litigant who travels to California often for "purposes of leisure travel, court-related conferences and requirements, and testing wheelchair accessibility of places of public accommodations." *Id*. ¶ 7. In November 2020, Plaintiff and her husband traveled to Santa Cruz, California for "purposes of leisure and to test accessibility." *Id*. ¶ 8. Plaintiff alleges that during their trip, she visited an O'Neill Surf Shop which is located on property owned by Defendant Cooper House LLC in Santa

---

[1] The Court took this motion under submission without oral argument pursuant to Civil Local Rule 7-1(b).

Case No.: 5:21-cv-00507-EJD
ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT
1

1   Cruz, California. *Id*. ¶¶ 2, 8.

2         When she entered the O'Neill Surf Shop, Plaintiff noticed that the checkout counter was

3   too high for her while she was in her wheelchair. *Id*. ¶ 9.  Plaintiff also encountered other barriers

4   including aisles between circular clothing racks that were too narrow for her to maneuver between.

5   *Id*. ¶ 10.  Plaintiff alleges that when she encountered these barriers, she "was deterred" and left the

6   store. *Id*. ¶ 14.  Additionally, Plaintiff states that her injury is continuing because "she plans on re-

7   visiting the area . . . [and] she will not return to the O'Neill Surf Shop until Defendant provides

8   notice of removal of the barriers." *Id*. ¶¶ 14-15.

9         Plaintiff alleges violations under the ADA, 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv) and

10  the 2010 ADA Standards for Accessible Design ("2010 ADA Standards"), as well as the

11  California Unruh Civil Rights Act ("Unruh Act"), California Civil Code §§ 51, 52. *Id*. ¶¶ 19, 29.

12        After reviewing Plaintiff's complaint, Defendant filed the present motion for a more

13  definite statement under Rule 12(e). *See* Motion for More Definite Statement ("Mot."), Dkt. No.

14  6.  Plaintiff did not file an opposition to the motion, nor did she file a statement of nonopposition

15  pursuant to Civil Local Rule 7-3(b).[2]

16  **II.    LEGAL STANDARD**

17        Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to

18  which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

19  reasonably prepare a response."  In other words, if the allegations in the pleading are so bare that

20  they fail to provide the defendant with sufficient notice, the court can grant a motion for a more

21  definite statement. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Hillblom v. Cty.*

22  *of Fresno*, 539 F. Supp. 2d 1192, 1202 (E.D. Cal. 2008) (noting that a motion for a more definite

23  statement is proper if the "defendant cannot frame a responsive pleading").  The burden on a Rule

---

[2] The Court does not condone violations of its local rules and finds Plaintiff's failures to comply rather wearisome.  However, it does not find that the failures prejudiced either Defendant or the Court because the burden on a Rule 12(e) motion is on the moving party. *See McCain v. California Highway Patrol*, No. 2:11-CV-01265 KJM, 2011 WL 3818758 at *8 (E.D. Cal. Aug. 26, 2011) *report and recommendation adopted*, No. CIV-S-11-1265-KJM, 2011 WL 6153368 (E.D. Cal. Dec. 12, 2011).

Case No.: 5:21-cv-00507-EJD
ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT
2

12(e) motion is on the moving party. *See McCain*, 2011 WL 3818758 at *8. Motions pursuant to Rule 12(e), however, are generally "viewed with disfavor and are rarely granted[.]" *U.S. E.E.O.C. v. Alia Corp.*, 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012).

### III. DISCUSSION

Defendant's primary contention is that Plaintiff has refused to disclose her residency "for purposes of properly assessing her claim of standing and her right to seek relief under California's Unruh Act." Mot. at 1. Specifically, Defendant argues that it is not in position to admit or deny jurisdiction claims in the complaint or ascertain which of its affirmative defenses apply. *Id*.

A Rule 12(e) motion "must be considered in light of the liberal pleading standards set forth in Rule 8(a)(2)." *Comm. for Immigrant Rts. of Sonoma Cty. v. Cty. of Sonoma*, 644 F. Supp. 2d 1177, 1191 (N.D. Cal. 2009). Rule 8, however, requires only "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Thus, "the proper test in evaluating a Rule 12(e) motion is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Fed. Sav. & Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988). "The rule is aimed at unintelligibility rather than lack of detail and is only appropriate when the defendants cannot understand the substance of the claim asserted." *Griffin v. Cedar Fair*, *L.P.*, 817 F. Supp. 2d 1152, 1156 (N.D. Cal. 2011). Courts are instructed not to resolve "merits issues, especially fact-sensitive questions, on Rule 12(e) motions." *One Indus., LLC v. Jim O'Neal Distrib.*, 578 F.3d 1154, 1160 (9th Cir. 2009).

Here, Defendant has not met its burden because the arguments raised go more so to the sufficiency and merits of Plaintiffs' allegations, and therefore, are improperly raised on a Rule 12(e) motion. *One Indust., LLC*, 578 F.3d at 1160. Instead, Plaintiff has sufficiently put Defendant on notice as to the barriers she encountered while visiting the property. Plaintiff has also sufficiently identified the claims against which Defendant will have to mount a defense. At this juncture, nothing more is required. Plaintiff's complaint is not so unintelligible that Defendant cannot file any type of responsive pleading. Moreover, the information Defendant

Case No.: 5:21-cv-00507-EJD
ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT
3

seeks is better sought through discovery, rather than through a motion for a more definite statement. *See Beery v. Hitachi Home Elecs. (AM), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993) ("If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied.").

## IV. CONCLUSION

For the reasons stated above, Defendant's motion for a more definite statement is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 10, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-00507-EJD
ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT
4